MEMORANDUM **
Jovia Diez Martin appeals from the 136-month sentence imposed following his guilty-plea conviction for possession of cocaine base -with the intent to distribute, in violation of 21 U.S.C. §§ 841(a), 841(b)(l)(B)(iii), and being a felon in pos *428 session of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Martin contends that the district court erred when it rejected his request for a downward departure based on duress, pursuant to U.S.S.G. § 5K2.12. He also contends that his sentence is substantively unreasonable. We review both contentions for reasonableness. See United States v. Dallman, 533 F.3d 755, 760-61 (9th Cir.2008); United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). In light of the totality of the cii'cumstances and the factors set forth in 18 U.S.C. § 3553(a), we conclude that the sentence is not unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); Carty, 520 F.3d at 993. Relatedly, Martin contends that the district court erred by relying on clearly erroneous facts when it rejected his departure request. This contention is belied by the record.
Martin also contends that the district coui-t erred when it failed to address his argument that a 136-month sentence would create an unwarranted sentence disparity with similarly situated defendants in other cases. We conclude there was no error. See Carty, 520 F.3d at 992-93.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.